UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN DEWAYNE BROOKS,

        Petitioner,

                                    CIVIL NO. 2:12-CV-10573
v.                               HONORABLE NANCY G. EDMUNDS
                                    UNITED STATES DISTRICT COURT

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Edwin DeWayne Brooks, ("Petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for first-degree home invasion, M.C.L.A. 750.110a(2); second-degree home invasion, M.C.L.A. 750.110a(3); receiving and concealing stolen firearms, M.C.L.A. 750.535b; felon in possession of a firearm, M.C.L.A. 750.224f; and receiving and concealing a stolen motor-vehicle, M.C.L.A. 750.535(7). For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Berrien County Circuit Court. Petitioner's conviction was affirmed by the Michigan Court of Appeals. *People v. Brooks,* No. 293840; 2011 WL 4389217 (Mich.Ct.App. September 20, 2011). Petitioner has filed an application for leave to appeal, which by his own admission

remains pending with the Michigan Supreme Court.

Petitioner seeks a writ of habeas corpus on twenty different grounds. By his own admission, none of these claims have been presented to the Michigan Court of Appeals.

## II. Discussion

The instant petition is subject to dismissal because the claims have not been exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner's habeas application is subject to dismissal because none of the claims have been exhausted with the state courts. Petitioner's fourteenth, nineteenth, and

twentieth claims are unexhausted because they were never presented to the Michigan Court of Appeals or to the Michigan Supreme Court.

Petitioner's first through thirteenth and his fifteenth through eighteenth claims have been raised by petitioner for the first time in his application for leave to appeal with the Michigan Supreme Court, which remains pending with that court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, fn. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, petitioner's failure to raise these claims in his appeal to the Michigan Court of Appeals will most likely preclude the Michigan Supreme Court from considering the new issues that petitioner raises in his application for leave to appeal before that court.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his first through thirteenth and his fifteenth through eighteenth claims on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 Fed. Appx. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006).

Finally, petitioner's application for leave to appeal remains pending in the Michigan Supreme Court. Even if petitioner had raised his twenty claims before the Michigan Court of Appeals, his petition would still be subject to dismissal while his case remains before the

Michigan Supreme Court. When an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted. *See Sherwood v. Tomkins,* 716 F. 2d 632, 634 (9th Cir. 1983). Petitioner's claims are unexhausted.

Petitioner mentions on the third page of his petition that his appellate counsel failed to raise any of these claims in his appeal of right before the Michigan Court of Appeals.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d at 676. A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to the issues contained in petitioner's habeas application would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these new claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court

remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Berrien County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). Thus, the Court finds that the most reasonable approach to be a dismissal without prejudice so that petitioner may pursue exhaustion of his state court remedies. *Id.*

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for

a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Wilson v. Warren,* No. 2007 WL 37756, * 2 (E.D. Mich. January 4, 2007). In addition, the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the petition is dismissed without prejudice.

The Court will also deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). In light of the fact that petitioner has failed to exhaust his state court remedies, he is not entitled to the appointment of counsel to assist him with his habeas petition. *See e.g. Dupree v. Jones*, 281 Fed.Appx. 559, 561 (7th Cir. 2008).

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel is **DENIED.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  February 17, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager